UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABRAHAM BIELSKI, on behalf of himself and others similarly situated,

        Plaintiffs,

  v.

COINBASE, INC.,

        Defendant.

No. C 21-07478 WHA

**ORDER DENYING MOTION TO STAY PENDING APPEAL AND VACATING HEARING**

In this putative class action, defendant moves to stay proceedings pending appeal of an order denying a motion to compel arbitration. For the reasons herein, defendant's motion is **DENIED**.

A previous order described our facts (Dkt. No. 42). Defendant Coinbase, Inc. operates a cryptocurrency exchange platform where, in brief, users can buy and trade various forms of cryptocurrency and hold their assets in digital wallets. After the equivalent of $31,039.06 was transferred out of plaintiff Abraham Bielski's Coinbase account, he turned to Coinbase for assistance but ran into egregious barriers to adequate customer service (Bielski Decl. ¶¶ 6–8).

Bielski filed this lawsuit against Coinbase in September 2021. An April 2022 order denied Coinbase's motion to compel arbitration on the grounds that its delegation provision and the broader arbitration agreement contained unconscionable terms (Dkt. No. 42). Coinbase appealed that order and now seeks a motion to stay all proceedings pending the outcome of its appeal (Dkt. Nos. 43, 48).

1    Denial of a motion to compel arbitration does not result in an automatic stay of
2 proceedings pending appeal of that order. *See Britton v. Co-op Banking Group*, 916 F.2d
3 1405, 1412 (9th Cir. 1990). District courts apply four factors when evaluating whether to issue
4 a stay pending appeal: (1) whether the stay applicant has made a strong showing that it is
5 likely to succeed on the merits or that its appeal raises "serious legal questions;" (2) whether
6 the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will
7 substantially injure the other parties interested in the proceeding; and (4) where the public
8 interest lies. *Nken v. Holder*, 556 U.S. 418, 426 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962,
9 964 (9th Cir. 2011). These factors are then weighed on a sliding scale such that "a stronger
10 showing of one element may offset a weaker showing of another." *Leiva-Perez*, 640 F.3d at
11 964.

12   *First*, Coinbase claims that "serious legal questions are raised" in its appeal (Dkt. No.
13 48). This order recognizes that reasonable minds may differ over whether the onerous burdens
14 placed on the right to arbitrate were so onerous as to invalidate the arbitration clause. This
15 provides some support for a stay.

16   *Second*, Coinbase argues that absent a stay, it will be forced to expend time and resources
17 litigating in this forum, which would defeat the anticipated advantages of arbitration.
18 Coinbase's concern about wasting resources is hypothetical, for discovery conducted here
19 would be usable should this dispute ever shift to arbitration. *See Leiva-Perez*, 640 F.3d at 964–
20 65, 968. Mere litigation expenses do not generally constitute irreparable injury, and any appeal
21 of the order denying arbitration will be resolved long before the expenses of trial. *See Adams
22 v. Postmates, Inc.*, 2020 WL 1066980, at *5 (N.D. Cal. Mar. 5, 2020) (Judge Saundra B.
23 Armstrong) (citing *Renegotiation Bd. v. Bannercraft Clothing Co. Inc.*, 415 U.S. 1, 24 (1974));
24 *Jimenez v. Menzies Aviation Inc.*, 2015 WL 5591722, at *3 (N.D. Cal. Sept. 23, 2015) (Judge
25 William H. Orrick) (same).

26   *Third,* a stay would significantly prejudice Bielski. Coinbase argues that a delay in
27 litigation is not a cognizable harm compared to the potential wasted time and money that
28 would result from proceeding with this litigation (Dkt. No. 48 at 15). Bielski, however, would

2

experience significant prejudice from delay in vindicating his rights. Coinbase is a large company. Bielski is a single individual. He would suffer if forced to wait for a remedy in the face of significant financial loss (Dkt. No. 50 at 14). This order agrees that there is a strong risk of harm to Bielski if a stay is imposed and further finds Coinbase has not shown that the balance of hardships tips in its favor.

*Fourth*, Coinbase asserts that the public interest would be served by a stay because there is a strong federal policy in favor of arbitration and a stay would conserve judicial resources (Dkt. No. 48 at 15–16). A federal policy favoring arbitration "does not, by itself, require a stay." *Jimenez*, 2015 WL 5591722, at *4. This is further offset by the prevailing public interest in a "just, speedy, and inexpensive" determination of civil actions, as contemplated by Rule 1. A stay would not be speedy.

Defendant's motion for a stay of the entire action pending appeal of the order denying arbitration is **DENIED**. However, this is without prejudice to possibly postponing any merits motions should they be made. The hearing on this motion will not be useful and is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 7, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3