Fred Norton (SBN 224725)
fnorton@nortonlaw.com
Bree Hann (SBN 215695)
bhann@nortonlaw.com
Nathan Walker (SBN 206128)
nwalker@nortonlaw.com
Gil Walton (SBN 324133)
gwalton@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900
Fax: (510) 906-4910

Attorneys for Defendant
COINBASE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ABRAHAM BIELSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COINBASE, INC.,<br><br>Defendant. | Case No. 3:21-cv-07478-WHA<br><br>**DEFENDANT COINBASE, INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Courtroom:  12, 19th Floor<br>Judge:         The Honorable William H. Alsup<br><br>Date Action Filed: September 24, 2021<br><br>**JURY TRIAL DEMANDED** |

Defendant Coinbase, Inc. (Coinbase), as and for its Answer to the Second Amended Class Action Complaint (SACC), states as follows:

**PRELIMINARY STATEMENT**

This lawsuit is fundamentally flawed. Not only does the Electronic Funds Transfer Act (EFTA) not apply to Coinbase – for multiple reasons – but the proposed classes are flawed and unworkable. Plaintiff has also mischaracterized and misstated what actually happened to his Coinbase account, including by incorrectly alleging that a third party electronically transferred fiat currency out of that account. That is not what happened, and Coinbase looks forward to demonstrating how this lawsuit is legally and factually without merit.

Except as otherwise expressly stated below, Coinbase (1) generally denies each and every allegation in the SACC, including, without limitation, any allegations in the headings, subheadings, unnumbered paragraphs, footnotes, and prayer for relief of the SACC; (2) denies it has caused Plaintiff or any member of the putative classes any harm; and (3) denies any liability to Plaintiff or to any putative class member that Plaintiff purports to represent.

Coinbase reserves the right to seek to amend or supplement this Answer as may be necessary or appropriate.

**RESPONSES TO SPECIFIC ALLEGATIONS**

1. Coinbase admits it is a wholly owned subsidiary of Coinbase Global, Inc., which is a publicly-traded entity. Coinbase admits that it operates an exchange on which Coinbase users can buy and sell specific cryptocurrencies and fiat currencies using their Coinbase accounts. Coinbase admits Coinbase users may fund or remove funds from their Coinbase accounts via transfers to and from their banks. Coinbase otherwise denies the allegations in paragraph 1.

2. Coinbase admits a person who owns cryptocurrency may be able to use that cryptocurrency to directly pay vendors who accept payment in that cryptocurrency, or may be able to trade the cryptocurrency for fiat currency on an exchange that supports that cryptocurrency. Coinbase otherwise denies the allegations in paragraph 2 and footnote 1, including any legal allegations within the paragraph or footnote.

3. Coinbase admits it has reimbursed specific customers, admits it has sent emails similar

to the email attached as Exhibit A[1] to the First Amended Complaint, and admits the URL in footnote 3 leads to an article that purports to be about Coinbase. Coinbase denies the remaining allegations in paragraph 3, footnote 2, and footnote 3.

4. The allegations in paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations. Coinbase is not subject to EFTA or Regulation E.

5. Coinbase admits Plaintiff purports to seek the listed remedies but denies Plaintiff or any purported class member would be or is entitled to such relief. Coinbase otherwise denies the allegations in paragraph 5.

6. The allegations in paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Coinbase admits Plaintiff purports to bring an EFTA claim and otherwise denies the allegations in paragraph 6.

7. The allegations in paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, Coinbase admits Plaintiff alleges that this action is within the subject matter jurisdiction of this Court by virtue of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332. Coinbase is without sufficient information to admit or deny the allegations about the alleged amount in controversy, and on that basis, denies them. Coinbase otherwise denies the allegations in paragraph 7.

8. The allegations in paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Coinbase is without sufficient information to admit or deny the allegations, and on that basis, denies them.

9. The allegations in paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, Coinbase is without sufficient information to admit or deny the allegations, and on that basis, denies them.

10. Coinbase is without sufficient information to admit or deny the allegations in paragraph 10, and on that basis, denies them.

---

[1] The SACC refers to this document as Exhibit 1 to the First Amended Complaint, but that exhibit is actually Exhibit A. *Compare* Dkt. 22 at 1, n.2 *with* Dkt. 6, Exh. A.

11. Coinbase admits it is incorporated in Delaware and operates a cryptocurrency exchange, which can be accessed around the world via Coinbase's website and cellular phone application. Coinbase admits it has no physical headquarters, is registered with the Secretary of State of California, has an agent for service of process in California, and pays taxes to the State of California. Coinbase otherwise denies the allegations in paragraph 11.

12. Coinbase denies Plaintiff opened a Coinbase account in May 2021; Coinbase's records indicate Plaintiff opened a Coinbase account on April 10, 2021. Coinbase is without sufficient information to admit or deny the remaining allegations in paragraph 12, and on that basis, denies them.

13. Coinbase is without sufficient information to admit or deny the allegations in paragraph 13 about when Plaintiff learned of an allegedly unauthorized electronic transfer, and on that basis denies them. Coinbase denies that a third party transferred $31,039.06[2] out of Plaintiff's account, denies that Plaintiff immediately notified Coinbase of that transfer, and denies that Coinbase failed to engage with Plaintiff or attempt to resolve his alleged dispute in good faith. Coinbase denies the paragraph's remaining allegations.

14. Coinbase denies paragraph 14's allegation that Plaintiff has not been refunded any of his money. As described more fully below, when Plaintiff reversed his bank's transfers, he was reimbursed. Coinbase denies that Plaintiff, or any purported class member, is entitled to any of the relief sought in this action. Coinbase denies the paragraph's remaining allegations.

**COUNT ONE**

15. Paragraph 15 is an incorporation paragraph, to which no response is required. To the extent a response is required, Coinbase incorporates its responses to the applicable paragraphs.

16. The allegations in paragraph 16 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase admits the paragraph's quotations are accurate. Coinbase denies the paragraph's remaining allegations.

17. The allegations in paragraph 17 and footnote 4 state legal conclusions, to which no

---

[2] Paragraph 13 actually refers to "USD 31,0309.06," a number that includes an extra digit. Coinbase understands Plaintiff to mean $31,039.06 and answers this allegation based on that understanding.

response is required. To the extent a response is required, Coinbase admits the paragraph's quotations are accurate. Coinbase denies the remaining allegations in the paragraph and footnote.

18. The allegations in paragraph 18 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase admits the paragraph's quotations are accurate. Coinbase denies the paragraph's remaining allegations.

19. The allegations in paragraph 19 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase admits the paragraph's quotations are accurate. Coinbase denies the paragraph's remaining allegations.

20. The allegations in paragraph 20 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase admits the paragraph's quotations are accurate. Coinbase denies the paragraph's remaining allegations.

21. The allegations in paragraph 21 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase admits the paragraph's quotations are accurate. Coinbase denies the paragraph's remaining allegations.

22. The allegations in paragraph 22 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase denies it is a "financial institution" as defined by EFTA, denies it holds accounts belonging to consumers as those terms are construed under EFTA and its implementing regulations, and denies Plaintiff or any purported class member holds an account with Coinbase as those terms are construed under EFTA and its implementing regulations. Because paragraph 22's allegations about Coinbase's User Agreement do not identify the version of that agreement to which they purport to refer, Coinbase is without sufficient information to admit or deny those allegations, and on that basis denies them. Coinbase denies the paragraph's remaining allegations.

23. The allegations in paragraph 23 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase is without sufficient information to admit or deny whether Plaintiff or any other purported class member is a consumer as defined by EFTA, and on that basis, denies those allegations. Coinbase denies the paragraph's remaining allegations.

24. The allegations in paragraph 24 state legal conclusions, to which no response is

required.  To the extent a response is required, Coinbase is without sufficient information to admit or deny the reasons for which any purported class member established a Coinbase account, or whether the accounts are "asset accounts held directly by Coinbase," and on that basis, denies those allegations. Coinbase specifically denies that Plaintiff's Coinbase account or any other purported class member's Coinbase account is an "account" as that term is construed under EFTA and its implementing regulations.  Coinbase denies the paragraph's remaining allegations.

25. The allegations in paragraph 25 state legal conclusions, to which no response is required.  To the extent a response is required, Coinbase denies that the transfers about which Plaintiff complains were securities, commodities, or unauthorized electronic fund transfers as that term is construed under EFTA and its implementing regulations, or that they were initiated by fraud, or had as their primary purpose the stealing of securities or commodities.  Coinbase further denies that any securities are purchased or sold on its platform.  Coinbase denies the paragraph's remaining allegations.

26. The allegations in paragraph 26 state legal conclusions, to which no response is required.  To the extent a response is required, Coinbase denies that the transfer about which Plaintiff complains was unauthorized or that Plaintiff provided timely actual or constructive notice of that transfer to Coinbase.  Coinbase is without sufficient information to admit or deny whether any other purported class member provided timely actual or constructive notice to Coinbase of any allegedly unauthorized electronic transfers from their accounts.  Coinbase denies the paragraph's remaining allegations.

27. The allegations in paragraph 27 state legal conclusions, to which no response is required.  To the extent a response is required, Coinbase denies that it has failed to timely and in good faith investigate the alleged unauthorized electronic transfers from any purported class member's Coinbase account.  Coinbase denies paragraph 27's characterizations and suppositions about alleged unauthorized transfers, investigations, or the lack thereof.  Coinbase denies Plaintiff or any purported class member has been harmed by Coinbase or is entitled to any compensation from Coinbase, including damages, costs, or attorneys' fees.  Coinbase denies the paragraph's remaining allegations.

28. The allegations in paragraph 28 state legal conclusions, to which no response is required.  To the extent a response is required, Coinbase denies that it has failed to timely (or at all)

correct any errors relating to Plaintiff's Coinbase account. Coinbase further denies that Plaintiff's Coinbase account was "breached and drained of funds" or that Plaintiff is entitled to any credit, recredit, or provisional recredit. Coinbase is without sufficient information to confirm or deny the allegations that Coinbase failed to timely correct any errors relating to any purported class member's account, that any purported class member is entitled to any credit, recredit, or provisional recredit, or that any purported class member's account was "breached and drained of funds," and on that basis, denies them. Coinbase denies paragraph 28's characterizations about compensatory damages and liability for unauthorized transfers. Coinbase denies Plaintiff or any purported class member has been harmed by Coinbase or is entitled to any compensation from Coinbase. Coinbase denies the paragraph's remaining allegations.

29. The allegations in paragraph 29 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase denies the paragraph's allegations and specifically denies it is subject to EFTA or liable for treble damages under it.

30. The allegations in paragraph 30 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase denies the paragraph's allegations and specifically denies it is subject to EFTA or liable for treble damages under it.

31. The allegations in paragraph 31 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase denies Plaintiff or any purported class member is entitled to any damages, attorneys' fees, costs, or treble damages. Coinbase denies the paragraph's remaining allegations.

**COUNT TWO**

32. Paragraph 32 is an incorporation paragraph, to which no response is required. To the extent a response is required, Coinbase incorporates its responses to the applicable paragraphs.

33. The allegations in paragraph 33 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase admits the paragraph's quotations are accurate. Coinbase denies the paragraph's remaining allegations.

34. The allegations in paragraph 34 state legal conclusions, to which no response is required. To the extent a response is required, Coinbase is without sufficient information to admit or

deny whether Plaintiff or any other purported class member is a consumer as defined by EFTA or Regulation E, and on that basis, denies those allegations.  Coinbase denies the paragraph's remaining allegations.

35. The allegations in paragraph 35 state legal conclusions, to which no response is required.  To the extent a response is required, Coinbase denies it is a "financial institution" as defined by EFTA and denies it has violated EFTA or Regulation E.  Coinbase denies the paragraph's remaining allegations.

36. The allegations in paragraph 36 state legal conclusions, to which no response is required.  To the extent a response is required, Coinbase denies Plaintiff or any purported class member is entitled to any statutory damages, attorneys' fees, or costs.  Coinbase denies the paragraph's remaining allegations.

**COUNT THREE**

37. Paragraph 37 is an incorporation paragraph, to which no response is required.  To the extent a response is required, Coinbase incorporates its responses to the applicable paragraphs.

38. The allegations in paragraph 38 state legal conclusions, to which no response is required.  To the extent a response is required, Coinbase denies the paragraph's allegations.

39. The allegations in paragraph 39 state legal conclusions, to which no response is required.  To the extent a response is required, Coinbase denies it is a "financial institution" as defined by EFTA and denies it has violated Regulation E.  Coinbase denies the paragraph's remaining allegations.

40. The allegations in paragraph 40 state legal conclusions, to which no response is required.  To the extent a response is required, Coinbase denies Plaintiff or any purported class member is entitled to any statutory damages, attorneys' fees, or costs.  Coinbase denies the paragraph's remaining allegations.

**CLASS ACTION ALLEGATIONS**

41. Coinbase admits Plaintiff purports to bring this action as a class action, but denies that the action may or should be maintained or properly pursued as a class action, denies that the putative class described in paragraph 41 may or should be certified, and further denies that any putative class

may or should be certified. Coinbase denies the paragraph's remaining allegations.

42. Coinbase admits Plaintiff purports to bring this action as a class action, but denies that the action may or should be maintained or properly pursued as a class action, denies that the putative class described in paragraph 42 may or should be certified, and further denies that any putative class may or should be certified. Coinbase denies the paragraph's remaining allegations.

43. Coinbase admits Plaintiff purports to bring this action as a class action, but denies that the action may or should be maintained or properly pursued as a class action, denies that the putative class described in paragraph 43 may or should be certified, and further denies that any putative class may or should be certified. Coinbase denies the paragraph's remaining allegations.

44. Coinbase admits that the identities of its customers are ascertainable through its records but denies that the identities of purported Class Members as defined in paragraphs 41 or 42 of the Complaint are ascertainable and denies the remaining allegations of paragraph 44. Coinbase further denies that the action may or should be maintained or properly pursued as a class action, denies that any putative class described in paragraphs 41, 42, or 43 may or should be certified, and further denies that any putative class may or should be certified.

45. Coinbase admits that it has had thousands of users in the one-year period immediately preceding the filing of this action. Coinbase otherwise denies the allegations of paragraph 45. Coinbase further denies that the action may or should be maintained or properly pursued as a class action, denies that any putative class described in paragraphs 41, 42, or 43 may or should be certified, and further denies that any putative class may or should be certified.

46. Coinbase denies the allegations of paragraph 46. Coinbase further denies that the action may or should be maintained or properly pursued as a class action, denies that any putative class described in paragraphs 41, 42, or 43 may or should be certified, and further denies that any putative class may or should be certified.

47. Coinbase denies the allegations of paragraph 47. Coinbase further denies that the action may or should be maintained or properly pursued as a class action, denies that any putative class described in paragraphs 41, 42, or 43 may or should be certified, and further denies that any putative class may or should be certified.

48. Coinbase denies the allegations of paragraph 48. Coinbase specifically denies that Plaintiff's claims are typical of those asserted by all purported class members. Coinbase denies that the action may or should be maintained or properly pursued as a class action, denies that any putative class described in paragraphs 41, 42, or 43 may or should be certified, and further denies that any putative class may or should be certified.

49. Coinbase denies the allegations of paragraph 49. Coinbase denies that the action may or should be maintained or properly pursued as a class action, denies that any putative class described in paragraphs 41, 42, or 43 may or should be certified, and further denies that any putative class may or should be certified.

50. Coinbase denies the allegations of paragraph 50. Coinbase specifically denies it has any liability under EFTA or Regulation E. Coinbase denies that the action may or should be maintained or properly pursued as a class action, denies that any putative class described in paragraphs 41, 42, or 43 may or should be certified, and further denies that any putative class may or should be certified.

51. Coinbase denies the allegations of paragraph 51. Coinbase denies that the action may or should be maintained or properly pursued as a class action, denies that any putative class described in paragraphs 41, 42, or 43 may or should be certified, and further denies that any putative class may or should be certified.

**PLAINTIFF'S PRAYER FOR RELIEF**

No response to the Prayer for Relief is required. To the extent a response is required, Coinbase denies Plaintiff or any putative class member is entitled to any of the relief requested or to any other relief.

**DEMAND FOR TRIAL BY JURY**

Coinbase acknowledges Plaintiff has demanded a jury trial and makes a parallel demand.

**AFFIRMATIVE DEFENSES**

By alleging these or other defenses, Coinbase does not concede it has the burden of proof or persuasion with respect to any defense or related issue. Coinbase specifically reserves all affirmative or other defenses as may become available or apparent upon further case developments. In particular, Coinbase notes that claims asserted on behalf of absent members of the putative class may raise distinct

questions of law or fact that entitle Coinbase to affirmative defenses different from, or in addition to, the defenses applicable to Plaintiff.  As no class has been certified and absent class members are not parties to this proceeding, Coinbase denies it has any obligation to identify or plead affirmative defenses that would apply to any putative class member, other than Plaintiff.

Relevant to some of Coinbase's affirmative and other defenses, the transfer about which Plaintiff complains was not an error; rather, the transfer was authorized by the User Agreement between Coinbase and Plaintiff.  Plaintiff was a victim of a third-party thief, who, after obtaining access to Plaintiff's computer desktop and Coinbase account, placed orders with Coinbase to purchase cryptocurrency using $34,000 transferred from Plaintiff's connected bank account.  The third-party thief then sent that cryptocurrency off-platform.  Plaintiff later instructed his bank to reverse the $34,000 transfers to Coinbase; in response, the bank took $34,000 from Coinbase and gave it to Plaintiff.  To partially compensate for this $34,000 loss, Coinbase then removed $31,039.06 from Plaintiff's Coinbase account, as the parties' User Agreement expressly permits.

### First Affirmative Defense: Safe Harbor

Plaintiff's claims, and those made by the putative class, are barred in whole or in part under 15 U.S.C. § 1693m(d) because Coinbase acted, or declined to act, in good faith in conformity with rules, regulations, and interpretations thereof by the Bureau of Consumer Financial Protection or in conformity with any interpretation or approval by an official or employee of the Bureau or the Federal Reserve System duly authorized to issue such interpretations or approvals of EFTA and Regulation E.

### Second Affirmative Defense: Arbitration

Plaintiff's claims, and those made by the putative class, are subject to mandatory arbitration pursuant to the terms of Coinbase's User Agreement and cannot be litigated in this forum.

### Third Affirmative Defense: Offset

To the extent that Plaintiff or any putative class member is entitled to any monetary recovery, that recovery must be offset by amounts Plaintiff or the putative class member owes Coinbase resulting from the transfers at issue in this lawsuit.  For example, Plaintiff owes Coinbase $2,960.94 as a result of the reversals Plaintiff authorized.

**Fourth Affirmative Defense: Causation**

Plaintiff's claims, and those made by the putative class, are barred to the extent any damages they seek or injury they sustained was caused by their own negligent conduct, the negligent conduct or misconduct of third parties, or superseding or intervening causes.

**Fifth Affirmative Defense: Permitted By Contract**

Plaintiff's claims, and those made by the putative class, are barred because Coinbase's actions were permitted by the User Agreement(s). For example, the User Agreement(s) permitted Coinbase to withdraw funds from Plaintiff's or other putative class members' accounts to compensate for Plaintiff's or other putative class members' reversal of transfers.

**Sixth Affirmative Defense: Consent**

Plaintiff's claims, and those made by the putative class, are barred by the fact of their consent, express or implied, to the facts or events described in the SACC. For example, Plaintiff and other putative class members agreed Coinbase could withdraw funds from Plaintiff's or other putative class members' accounts to compensate for Plaintiff's or other putative class members' reversal of transfers.

**Seventh Affirmative Defense: Class Action Not Appropriate**

The SACC fails to state facts sufficient to certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because, among other problems, the putative classes are inadequately defined and lack ascertainability, Coinbase has not acted or refused to act on grounds that apply generally to the putative classes, the putative classes are not so numerous that joinder is impracticable, the claims lack commonality and typicality, Plaintiff and his counsel cannot adequately protect the interests of the classes, common questions of law and/or fact do not predominate, and a class action is not the superior method for adjudicating this dispute.

WHEREFORE, Coinbase prays for judgment as follows:

1. That Plaintiff and the putative classes take nothing;
2. That the Court enter judgment in favor of Coinbase on each cause of action alleged in the SACC;
3. That Coinbase be awarded its costs, expenses, and attorneys' fees; and

4.  That the Court grant Coinbase all further legal or equitable relief that the Court deems just and proper.

Dated: July 21, 2022

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Fred Norton*
Fred Norton
Attorneys for Defendant
COINBASE, INC.