1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABRAHAM BIELSKI, et al.,

        Plaintiffs,

    v.

COINBASE, INC.,

        Defendant.

No.  C 21-07478 WHA

**ORDER DENYING MOTION TO APPOINT INTERIM CLASS COUNSEL**

## INTRODUCTION

In this putative class action, plaintiffs move for the appointment of interim class counsel under Rule 23(g)(3) of the Federal Rules of Civil Procedure.  For the following reasons, the motion is **DENIED**.

## STATEMENT

Plaintiffs Abraham Bielski, Dzhura Binyaminov, and Auryan Sajjadi seek to represent classes of similarly situated individuals with claims against defendant Coinbase, Inc. for violations of the Electronic Funds Transfer Act and Regulation E, as well as associated state statutes and common law duties.  Briefly, the purported facts are as follows:  Plaintiffs created accounts on defendant's cryptocurrency exchange platform.  They eventually realized that unauthorized electronic transfers depleted their account balances and immediately notified the Coinbase support team.  Coinbase did not undertake good faith efforts to investigate and

remedy the alleged thefts.  It also had not provided plaintiffs with initial disclosures required before electronic fund transfers were ever made from their accounts, or so it is alleged.

According to plaintiffs' complaint, defendant has failed to meet its legal obligations as a financial institution and deliver on its promises of security for consumers.  It ostensibly left those who relied on its representations vulnerable to scammers and those who were scammed trapped in a customer-service nightmare.  On behalf of two classes and two state-specific subclasses, plaintiffs seek compensatory damages, statutory damages, treble damages, restitution, disgorgement, punitive damages, and fees and costs.  The sole question under consideration in this order, however, is whether interim class counsel is needed now and, if so, whether plaintiffs' lawyers should be appointed interim class counsel.  This order follows full briefing and oral argument.

**ANALYSIS**

Under Rule 23(g)(3), a district court is permitted to appoint interim class counsel before determining whether to certify an action as a class action.  This rule "authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class."  Advisory Committee's note to 2003 amendment.  If "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment" and "designation of interim counsel clarifies responsibility[.]"  Manual for Complex Litigation (Fourth) § 21.11 (2004).  In some instances, the Advisory Committee's note explains, "there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate."[1]

Meanwhile, Rule 23(g)(1) outlines factors to consider in appointing class counsel.  "While neither Rule 23(g) nor the Advisory Committee note clearly indicate whether the factors outlined in subsection 23(g)(1) apply to a court's appointment of interim counsel, courts have held that these requirements do apply and have accordingly employed them in

---

[1] The quoted language from the Advisory Committee's note discusses former Rule 23(g)(2)(A), which has since been renumbered Rule 23(g)(3).

United States District Court
Northern District of California

United States District Court
Northern District of California

appointing interim counsel."  William B. Rubenstein, Newberg and Rubenstein on Class

Actions § 3:85 (6th ed. 2022); *see, e.g.*, *Ramirez v. HB USA Holdings, Inc.*, No. 20-CV-9748-

JGB, 2021 WL 840353, at *1 (C.D. Cal. Jan. 15, 2021) (Judge Jesus G. Bernal).  Rule

23(g)(1)(A) lists factors a court must consider in selecting interim class counsel, if it is to be

done at all:  (i) the work counsel has done in identifying or investigating potential claims in the

action; (ii) counsel's experience in handling class actions, other complex litigation, and the

types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.  Rule 23(g)(1)(B)

provides that a court "may consider any other matter pertinent to counsel's ability to fairly and

adequately represent the interests of the class[,]" such as efficiency and economy.  *See* Manual

for Complex Litigation § 10.221.

In their motion, plaintiffs argue that the Rule 23(g)(1) factors support the appointment of

their legal team from Tycko & Zavareei LLP as interim class counsel.  They emphasize that

their lawyers, consistent with Rule 23(g)(1)(A), have effectively and efficiently investigated

potential claims and advocated for Bielski on appeal; have demonstrated experience litigating

complex class actions involving financial institutions, as well as knowledge of the relevant

substantive law; and have prepared to commit the requisite resources for effective

representation in this action (Br. 5–15).  Plaintiffs also submit that other considerations support

their lawyers' appointment as interim class counsel under Rule 23(g)(1)(B), including

efficiency gains with parallel actions emerging and the "first to file" rule occasionally

considered when there is a close call (*id*. at 15–17).

In its opposition to plaintiffs' motion, defendant "does not take a position at this time" on

whether plaintiffs' lawyers satisfy the Rule 23(g)(1) factors (Opp. 2).  Rather, it contends the

appointment of interim class counsel would be premature (*ibid*.).  Defendant notes that the

rationale for interim appointment typically applies only when many putative class actions are

pending or consolidated in a single court and that this is inapplicable (*id*. at 2–3).  It also

asserts that the opportunities for interim class counsel to promote efficiency would be limited

when, as here, the parties have agreed to stay class discovery until after our court of appeals

1    rules on this Court's denial of its motion to compel arbitration for Bielski (*id*. at 4; *see also*

2    Joint Case Mgmt. Stmt. 4–5). Oral argument for that appeal is currently scheduled for

3    February 14, 2023. *See Bielski v. Coinbase, Inc.*, No. 22-15566 (9th Cir.) (Dkt. No. 67).

4    As the parties observe, "[t]he appointment of interim class counsel is discretionary[.]" *In*

5    *re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18,

6    2014) (Judge Beth Labson Freeman). "Indeed, courts have recognized that the typical situation

7    requiring appointment of interim class counsel is one where a large number of putative class

8    actions have been consolidated or otherwise are pending in a single court." *Imran v. Vital*

9    *Pharms., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019)

10   (Judge Jon S. Tigar) (citation and quotations omitted). This situation, however, is not the

11   typical situation. At present, there is one related action, a smattering of similar but unrelated

12   actions in federal and state courts, and a likelihood of more such actions being filed.[2]

13   In light of this, the parties point to cases that come down differently on whether interim

14   counsel should be appointed when there are multiple actions pending in multiple courts.

15   *Compare, e.g.*, *id*. at *10, *with Olosoni v. HRB Tax Grp.*, No. 19-CV-03510-SK, 2019 WL

16   7576680, at *5 (N.D. Cal. Nov. 5, 2019) (Judge Sallie Kim). Likewise, they point to cases that

17   come down differently on whether a mere likelihood of competing actions supports an interim

18   appointment. *Compare, e.g.*, *In re Nest Labs Litig.*, 2014 WL 12878556, at *1, *with Gallagher*

19   *v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 4932292, at *8 (N.D. Cal. Aug. 18, 2015)

20   (Judge William H. Orrick). But those cases turn on the specifics of those cases.

21   This order agrees with defendant that appointment of interim class counsel would be

22   premature here. It acknowledges that more related and similar actions will likely be filed, with

23   scammers (and perhaps even some lawyers) eager to capitalize on dramatic booms and busts in

24   cryptocurrency markets. And it recognizes that an interim class counsel appointment may be

25

26   [2] *See Tarverdiyeva v. Coinbase, Inc.*, No. C 22-05468 WHA (N.D. Cal.) (related); *see also Aggarwal v. Coinbase, Inc.*, No. C 22-04829 JSW (N.D. Cal.); *Harvey v. Coinbase, Inc.*, No. C
27   22-01606 KAW (N.D. Cal.); *Kattula v. Coinbase Global, Inc.*, No. C 22-03250 TWT (N.D. Ga.); *Tarvirdi v. Coinbase Global, Inc.*, No. 22STCV24622 (Cal. Super. Ct.). Our court of appeals has
28   also listed *Suski v. Coinbase, Inc.*, No. C 21-04539 SK (N.D. Cal.), as a related case on appeal. *See Suski v. Coinbase, Inc.*, No. 22-15209 (9th Cir.).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    warranted later.  But at the moment this seems more like an attempt by plaintiffs' lawyers to

2    jockey for position among different cases that may eventually wind up in an MDL.  In that

3    event, it would be best to leave to the MDL judge who should become interim class counsel.

4         Moreover, while the arbitration issue is on appeal, the parties have stipulated to a stay of

5    class discovery herein.  There is a risk that, depending on the timing and outcome of this

6    appeal, appointing interim class counsel today could result in a variety of negative

7    consequences for the putative classes tomorrow.  Of course, such negative consequences could

8    never come to pass, but the task for this order is to "designate interim counsel . . . if necessary

9    to protect the interests of the putative class."  Taking a risk that could frustrate the putative

10   classes is not "necessary" to protecting their interests right now.

11        At the hearing, plaintiffs' counsel identified another risk:  defendant might enter into a

12   "sweetheart" settlement, perhaps with the blessing of a different court, to the prejudice of the

13   putative classes.  According to plaintiffs' counsel, if appointed interim class counsel, plaintiffs'

14   lawyers could object and thereby stop an inadequate settlement that would undermine putative

15   class interests.  Mindful of this concern, the Court addressed it during the hearing.  Defendant

16   agreed to give plaintiffs' counsel and the undersigned *immediate notice upon even beginning to*

17   *negotiate* a settlement elsewhere that could affect the putative classes — at which point an

18   interim counsel appointment might be appropriate.

### CONCLUSION

20        In sum, while the Court has discretion to appoint interim counsel to act on behalf of a

21   putative class, it exercises its discretion not to do so at this time.  Plaintiffs' motion to appoint

22   interim class counsel is therefore **DENIED**.

23        **IT IS SO ORDERED.**

25   Dated:  December 13, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5